IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MOLLY HUMPHREYS AGUILAR,**

      Plaintiff,

v.                                                  Civil Action No. 3:06-CV-58 (BAILEY)

**CHRISTOPHER M. ROPER,
SCOTT PATRICK REAGAN,
CHARLES C. COLE, SR., and
the CITY OF SHEPHERDSTOWN
POLICE DEPARTMENT,**

      Defendants.

## ORDER OF PRETRIAL CONFERENCE

On August 13, 2007, the parties in the above-styled civil action appeared before the Court for a pretrial conference. The plaintiff, Molly Humphreys Aguilar, was present by counsel Christopher P. Stroech and Gregory A. Bailey. The defendants, Christopher M. Roper, Scott Patrick Reagan, Charles C. Cole, Sr., and the City of Shephardstown Police Department, were present by counsel, Tracey B. Eberling.

As an initial matter, the Court addressed the parties' witness lists, exhibit lists, and corresponding objections. In addition, the Court also considered the motions in limine pending before the Court. After providing the parties an opportunity to supplement their arguments, the Court **ORDERED** as follows:

1. That **plaintiff's motion in limine number 1** [Doc. 34] seeking to exclude videotape(s) of plaintiff's companions at the police station is **GRANTED,** except as it may be necessary for rebuttal evidence;

2. That **plaintiff's motion in limine number 2** [Doc. 37] to prohibit any expert witnesses not properly identified by the defendants is **GRANTED** as to Ronald H. Traenkle. The Court noted, however, that it will allow Chief Charles Cole to testify to the extent that his testimony is consistent with his deposition;

3. That **defendants' motion in limine number 1** [Doc. 30] to prohibit any testimony, argument, or opinion by the plaintiff and her counsel that would fix or suggest a formula or fixed-time basis for establishing a monetary loss for general damages, including damages for pain and suffering, mental anguish, annoyance and inconvenience, and loss of enjoyment of life is **GRANTED**;

4. That **defendants' motion in limine number 2** [Doc. 30] to prohibit any mention or argument by counsel for the plaintiff which would place a specific monetary value on the plaintiff's damages or any mention of the ad damnum clause as a basis for the plaintiff's damages is **GRANTED**;

5. That **defendants' motion in limine number 3** [Doc. 30] to exclude any evidence or testimony that the defendants had liability insurance at the time of the incident is **GRANTED**;

6. That **defendants' motion in limine number 4** [Doc. 30] to prohibit any "golden rule" argument that would ask the jury to place themselves in the shoes of the plaintiff is **GRANTED**;

7. That **defendants' motion in limine number 5** [Doc. 30] to prohibit any argument which does not comport with a "fair opening" and a "fair closing" is **GRANTED**;

8. That **defendants' motion in limine number 6** [Doc. 30] to exclude any argument that damages should be based on the value or importance of constitutional rights, rather than on proof of actual damages is **GRANTED**;

9. That **defendants' motion in limine number 7** [Doc. 30] to exclude the testimony of any expert witness on behalf of the plaintiff who was not mentioned as part of the plaintiff's 26(a)(2) disclosure is **GRANTED**; and

10. That **defendants' motion in limine number 8** [Doc. 30] to exclude any argument for punitive damages against the defendants in their official capacity is **GRANTED**. The Court notes, however, that this does not prohibit

an argument for punitive damages against officers in their individual capacities.

Next, the plaintiff moved the Court to set a new mediation deadline. The Court thereby **ORDERED mediation** to be completed **on or before September 28, 2007**, in **both** civil actions.

As a final matter, the parties renewed their joint motion to continue trial [Doc. 26] to allow for additional depositions to be conducted. Finding good cause, the Court **GRANTED** the motion to continue, and **ORDERED** that **trial** in this matter be continued until **October 16, 2007**. As such, the previously-scheduled October 16, 2007, **trial** in *Pistore v. Roper* (Civil Action No. 3:05-cv-123), will now commence on **October 23, 2007, at 8:30 a.m.** There being no further business, the Court adjourned the matter.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** August 15, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE